

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# USA v. Millard

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Millard" (2006). *2006 Decisions.* Paper 905.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/905

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4363
_____

UNITED STATES OF AMERICA

v.

ARTHUR MILLARD,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03:CR-04-98)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2006

Before: FISHER, GREENBERG, and LOURIE,* Circuit Judges.

(Filed: June 13, 2006)
_____

OPINION OF THE COURT
_____

---

*Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

LOURIE, Circuit Judge.

Arthur Millard ("Millard") appeals from the District Court's decision sentencing him to 130 months of imprisonment for possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Because the record reflects that the District Court properly considered the sentencing factors provided in 21 U.S.C. § 3553(a), as well as the Sentencing Guidelines, and the sentence was reasonable, we will affirm.

On March 7, 2004, Millard was arrested by DEA agents for possession with intent to distribute heroin. The arrest occurred after DEA agents and Wilkes-Barre police, acting on information from a confidential informant, stopped a vehicle driven by Millard in Luzerne County, Pennsylvania. A search of the vehicle resulted in the seizure of approximately 400 small bags of heroin. On April 21, 2005, pursuant to a prior plea agreement, Millard pled "guilty" to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Prior to his sentencing, the United States Probation Office conducted an investigation that concluded that Millard was a "career offender." On September 13, 2005, the District Court conducted a hearing and sentenced Millard to 130 months of imprisonment. Millard timely appealed that sentence, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1).

On appeal, Millard argues that the District Court committed plain error by imposing a sentence without adequately articulating how it considered the factors set forth in § 3553(a). According to Millard, although the Court acknowledged the existence

2

of the factors, it did not otherwise explain how it weighed those factors before reaching

Millard's sentence. Millard contends that the Court's failure to articulate its

consideration of the § 3553(a) factors renders his sentence unreviewable, and thus

unreasonable.

We agree with the government that the District Court did properly consider the

§ 3553(a) factors, and that Millard's sentence was not unreasonable. We review the

adequacy of the District Court's articulation of the factors set forth in § 3553(a) for plain

error. United States v. Olano, 507 U.S. 725, 432-34 (1993). In United States v.

Cooper, 437 F.3d 324 (3d Cir. 2006), we addressed the extent to which the sentencing

court must articulate its consideration of the § 3553(a) factors. Section 3553(a) provides

as follows:

> The court, in determining the particular sentence to be imposed, shall consider--
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . .

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.
>
> . . .

We have recognized that in sentencing a defendant, "[t]he record must demonstrate that the trial court gave meaningful consideration to the § 3553(a) factors." Id. at 329. There is no need, however, for the trial court to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." Id. With this guidance in mind, our review of the record allows us to conclude that, contrary to Millard's contention, the District Court did properly consider each of the § 3553(a) factors.

As an initial matter, we note that in imposing a sentence of 130 months, the District Court departed downwardly two levels from the minimum sentence that the United States Sentencing Guidelines ("Guidelines") would have otherwise provided for the crime that Millard pleaded guilty to and in consideration of his criminal history. Moreover, Millard, on appeal, does not assert that the District Court failed to consider the correct range of sentences under the Guidelines. See id. at 332 (stating that "[a] sentence that falls within the guidelines is more likely to be reasonable than one outside the guidelines range").

As mentioned above, our law does not require that the District Court expressly identify and address each of the factors listed in § 3553(a). It is enough that upon our review of the record, we can discern that the Court gave meaningful consideration to the

4

§ 3553(a) factors. During the sentencing hearing, the Court stated that Millard's sentence was imposed "satisfying the advisory guidelines and the purposes set forth in 18 U.S.C. § 3553(a)." The Court recognized that under the Guidelines, Millard was subject to 151-188 months of imprisonment. The Court also expressly mentioned Millard's long history of serious criminal activity, including his "career offender" status, and that Millard committed his most recent crime while on parole. Nonetheless, in downwardly departing two offense levels from the Guidelines, the Court evidently looked kindly upon recommendations from Millard's family, his certificates of accomplishment and achievement while in prison, his employment history, and his rehabilitative needs, factors that were all raised and discussed to some extent during the course of Millard's sentencing hearing. In view of this record before us, we cannot conclude that the Court committed plain error by failing to articulate exactly how it weighed the § 3553(a) factors.

Accordingly, we will affirm the District Court's decision sentencing Millard to 130 months of imprisonment.